UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHAUNNA BRILES, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.

TIBURON FINANCIAL, LLC, a Nebraska
Limited Liability Company; SIGNATURE
PERFORMANCE TIBURON, LLC a Nebraska
Limited Liability Company; and CADA,
CADA, HOFFMAN & JEWSON, a Partnership,

        Defendants.
_____/

Case No.:

**CLASS ACTION COMPLAINT
INJUNCTIVE RELIEF SOUGHT
JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, SHAUNNA BRILES, on behalf of herself and all others similarly situated, by and through her undersigned attorneys, files this action against Defendants, TIBURON FINANCIAL, LLC, SIGNATURE PERFORMANCE TIBURON, LLC (referred herein collectively as "TIBURON"), and CADA, CADA, HOFFMAN & JEWSON ("Defendants"), and alleges:

**I.    INTRODUCTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.*

2. Congress made specific findings in 15 U.S.C. 1692 § 802 of the FDCPA that there is "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

3. This action arises out of Defendants' illegal efforts to collect consumer debts by unlawfully simulating legal process, falsely represent the character or legal status of the debt, and circumventing the protections given to consumers. Because the Defendants intentionally deceived consumers by sending collection communications that were designed to give consumers the impression that legal process was already underway, consumers took actions to their own detriment, waived legal rights without just cause, paid money to the debt collectors that rightfully might have been due and owing on other debts that had priority, and suffered other harms as observed by Congress.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this State and this district, where the Plaintiff resides in this State and this district, and where the Defendants transact business in this State and this district

## III.   PARTIES

6. Plaintiff SHAUNNA BRILES ("Plaintiff" or "MS. BRILES"), is a natural person who resides in Douglas County, Nebraska. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant TIBURON FINANCIAL, LLC (together with SINGATURE PERFORMANCE TIBURON, LLC referred to herein collectively as "TIBURON"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and has a principal address of 11510 Blondo

Street, Suite 200 Omaha, Nebraska 68164. TIBURON is a limited liability company incorporated under the laws of the state of Nebraska. TIBURON's correspondence to Plaintiff and the Class(es) expressly state: "THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT."

8. Defendant SIGNATURE PERFORMANCE TIBURON, LLC (together with TIBURON FINANCIAL, LLC referred to herein collectively as "TIBURON"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and has a principal address of 11510 Blondo Street, Suite 200 Omaha, Nebraska 68164. TIBURON is a limited liability company incorporated under the laws of the state of Nebraska. Upon information and belief, SIGNATURE PERFORMANCE TIBURON, LLC is the successor in interest to TIBURON FINANCIAL, LLC. SIGNATURE PERFORMANCE TIBURON, LLC and TIBURON FINANCIAL, LLC share the same officers, principal address, and registered agent. Since June 2014, the trade name "Tiburon Financial" has been appropriated to SIGNATURE PERFORMANCE TIBURON, LLC.

9. Upon information and belief, Defendant CADA, CADA, HOFFMAN & JEWSON ("CADA LAW"), is a partnership of lawyers organized under the laws of the state of Nebraska and has a principal address of 1024 K Street, Lincoln, Nebraska 68508.

10. CADA LAW is regularly engaged in the collection of debts from consumers.

11. CADA LAW regularly attempts to collect consumer debts alleged to be due to another.

12. CADA LAW was and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Defendants are all entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named

Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

14.   At all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

15.   The acts of Defendant CADA LAW alleged in this Complaint were performed by its employees, partners, and/or agent, acting within the scope of actual or apparent authority.

## IV.   FACTUAL ALLEGATIONS

16.   Ms. Briles incurred an alleged debt to a medical service provider ("the debt") for the provision of medical services to her.

17.   The debt was incurred by Ms. Briles for personal, family, or household purposes, that is, for the receipt of medical treatment.

18.   Due to economic difficulties suffered by Ms. Briles, the debt went into default.

19.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Tiburon for collection.

20.   Plaintiff received a collection letter in the mail from Defendants, which represented that if Plaintiff did not communicate with Defendants, then Defendants may take legal action against Plaintiff regarding the debt, or words to that effect.

21.   As a result of the letter, Plaintiff felt scared and unsure of what was happening.

22. Soon after receiving the letter, Plaintiff called Defendant CADA LAW to get some answers. While speaking with a representative of CADA LAW, she was told that she could enter into a payment plan and resolve the issue outside of court. Not knowing what else to do, Plaintiff agreed that she would make monthly payments to Defendants.

23. In the period one-year immediately preceding the filing of this lawsuit, Defendants dispatched a collection letter ("Stipulation Letter"), which includes a Case Caption and references "Plaintiff's Complaint", and "jurisdiction of this court." The Stipulation Letter is marked as **Exhibit A** and is attached to the complaint and incorporated herein by reference.

24. Plaintiff received the Stipulation Letter and immediately became alarmed that a lawsuit had been filed against her. Plaintiff believed that a lawsuit had been filed against her and that a Court approved the Stipulation Letter since it contained a Case Caption.

25. Fearing the worst, sometime on or around July 14, 2014, Plaintiff signed the Stipulation Letter.

26. The Stipulation Letter includes the following language:

- "In the County Court of Douglas County, Nebraska"

- "Tiburon Financial, L.L.C. – Plaintiff v. Shaunna Briles – Defendant(s)"

- "Case No."

- "The Defendant(s) herein submit themselves to the jurisdiction of this court."

- "judgment may be entered herein on the Plaintiff's Complaint in favor of the Plaintiff and against Defendant(s), for **$1333.36 plus interest, court costs, and attorneys fees when authorized by law**."

- "Plaintiff agrees not to execute upon said judgment as long as Defendant(s) make payments on the above account…"

- "Payments are to be made to Plaintiff's attorney, James A. Cada…"

- "That if the Defendant(s) fails to make … payment … Plaintiff may execute on said judgment without further notice to the Defendant(s)."

- "THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

- **"Please Sign The Original And Return It To Our Office Within The Next Ten (10) Days To Avoid Further Action"**

(emphasis in original)

27. The Stipulation Letter makes multiple references to "Plaintiff," "Defendant," and "Plaintiff's Complaint," simulating that a lawsuit had already been filed against Plaintiff.

28. However, at the time Defendants sent the Stipulation Letter to Plaintiff, there was no action filed against her by TIBURON in the County Court of Douglas County, Nebraska.

29. Moreover, Defendants make reference to "jurisdiction of this court," and execution of "judgment," as if the Stipulation Letter is approved or authorized by the Court, or at the very least, part of an active case.

30. Upon information and belief, Defendants utilize the Stipulation Letter as an intimidation tactic to make unsuspecting consumers pay debts, and oftentimes, before the consumer has an opportunity to dispute the validity of the debt.

31. Ms. Briles was confused by **Exhibit A**.

32. An unsophisticated consumer such as Ms. Briles would be confused and mislead by **Exhibit A.**

33. Defendants' Stipulation Letters violate the FDCPA, as described more fully below.

34. On or about October 6, 2014, Defendants filed a lawsuit against Plaintiff in the County Court of Douglas County, Nebraska, after she failed to make payment on the alleged debt.

35. Upon information and belief, Plaintiff alleges that while Defendant CADA LAW was filing the lawsuit against Plaintiff in the County Court of Douglas, County Nebraska, Defendant CADA LAW obtained the case number for said lawsuit and affixed it to the Stipulation Letter.

36. Upon information and belief Plaintiff alleges that Defendant filed both the complaint and the Stipulation Letter (**Exhibit A**) against Plaintiff at the same time, in the County Court of Douglas County, Nebraska.

37. Before Plaintiff could respond to the complaint filed against her by Defendants, and only two days after the lawsuit had been filed, Defendants requested and received judgment against her on October 8, 2014, based on the Stipulation Letter.

38. Within weeks, Defendants garnished Plaintiff's bank accounts and wages.

39. Upon information and belief, Defendants use the Stipulation Letter as a way to circumvent the legal protections given to consumers, since the Stipulation Letter is sent before a lawsuit is filed against the consumer, yet is used against them to obtain judgment since it is represented as a "stipulation" of judgment.

40. In addition to violating the FDCPA, Defendants' Stipulation Letter Campaign seeks to violate Plaintiff and other Class members' due process rights, in that if they fail to pay the amount stated in the Stipulation Letter, Defendants file a lawsuit against them, including the

Stipulation Letter signed by the consumer/Class member, with the result that the consumer has no opportunity to respond or use affirmative defenses in disputing the debt, including valid contract defenses.

41.     Because of Defendants' actions and the unlawfulness of its Stipulation Letter, Plaintiff and other class members have suffered harm.

42.     Defendants routinely send letters to debtors that are substantially similar to the Stipulation Letter (**Exhibit A**) in connection with their debt collection businesses.

## V.   CLASS ACTION ALLEGATIONS

43.     Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), Plaintiff brings this action for herself and on behalf of all other persons similarly situated.

44.     The Classes are defined as:

TIBURON CLASS (Count I): All consumers located in the United States of America, who received a Letter from or on behalf of, TIBURON FINANCIAL, L.L.C. and/or SIGNATURE PERFORMANCE TIBURON, LLC in connection with an attempt to collect any consumer debt, where the Letter was substantially similar or materially identical to the Letter delivered to Plaintiff (**Exhibit A**), during the one year period prior to the filing of the complaint in this matter, through the date of class certification.

CADA CLASS (Count I): All consumers located in the State of Nebraska, who received a Letter from CADA LAW in connection with an attempt to collect any consumer debt, where the Letter was substantially similar or materially identical to the Letter delivered to Plaintiff (**Exhibit A**), during the one year period prior to the filing of the complaint in this matter, through the date of class certification.

NCPA CLASS (Count II): All consumers located in the State of Nebraska, who received a Letter from Defendants in connection with an attempt to collect any consumer debt, where the Letter was substantially similar or materially identical to the Letter delivered to Plaintiff (**Exhibit A**), during the four year period prior to the filing of the complaint in this matter, through the date of class certification

45. Plaintiff is unable to state the exact number of members of the Plaintiff Classes because that information is solely in the possession of Defendants. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendants' business records. Upon information and belief, Plaintiff believes that each Class exceeds one hundred consumers and is, therefore, so numerous that joinder of all members would be impracticable.

46. Questions of law and fact common to the Plaintiff Classes exist and predominate over questions affecting only individual members, including, inter alia, the following:

(a)  Whether Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) by sending Stipulation Letters to Plaintiff and each Class that falsely represent the character or legal status of the debt, and/or use false, deceptive or misleading representations as means to collect or attempt to collect a debt; and

(b)  Whether Defendants violated 15 U.S.C. §§ 1692e(5) as to each Class by threatening to take action that cannot legally be taken or that is not intended to be taken.

(c)  Whether Defendants violated 15 U.S.C. §§ 1692e(9) and e(13) by sending Stipulation Letters to Plaintiff and each Class that simulate or falsely represent that the Letters are authorized, approved or issued by the Court, or that the Letters are legal process.

(d)  Whether Defendants violated Neb. Rev. Stat. § 59-1601 *et seq.* by sending Stipulation Letters to Plaintiff and the NCPA Class that falsely represent the character or legal status of the debt, and/or use false, deceptive or misleading representations as means to collect or attempt to collect a debt and that simulate or falsely represent that the

Letters are authorized, approved or issued by the Court, or that the Letters are legal process.

47.     The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class as defined above because, upon information and belief, Defendants use form letters and communications that are routinely sent to consumers. The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure, on the part of Defendants. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts that distinguish the Plaintiff from other Class members that received Stipulation Letters from Defendants.

48.     The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because she has no interest antagonistic to the class she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other class members. Whether the Defendants' Stipulation Letter sent to Plaintiff violates the FDCPA is an issue that will be decided for all other consumers with identical letters and notices. There is nothing peculiar about the Plaintiff's situation that would make her inadequate as class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

49.     A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages are capped at $1,000.00. It would be difficult, if not impossible, to

obtain counsel to represent all Class members on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the Stipulation Letter used by Defendants violate the FDCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

50. Defendants also acted and refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Classes as a whole. Defendants should be enjoined from sending out collection letters that violate the FDCPA, such as the ones it sent to Plaintiff.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") § 1692e

51. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained above as if fully set forth herein.

52. This is an action seeking class-wide relief for violations of the FDCPA.

53. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

54. At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

55. At all material times herein, Defendants were "debt collectors" as defined by § 1692a(6), since they engaged in the business of regularly collecting on debts in default for

creditors. Defendants' standardized Stipulation Letters include a statement that "THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT."

56. Defendants sent Plaintiff and Class Members a substantially similar, if not identical, Stipulation Letter.

57. The FDCPA section 1692e states in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)(A) The false representation of the character, amount, or legal status of any debt;
…

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
…

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
…

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
…

(13) The false representation or implication that documents are legal process.

15 U.S.C. § 1692e, e(2)(A), (5), e(9), e(10) and e(13).

58. The Stipulation Letters sent to Plaintiff and the Class contains a Case Caption, and falsely represent to the recipient that it is legal process and part of an existing lawsuit.

59. For example, the Stipulation Letter sent to Plaintiff states that the document is part of a lawsuit titled: "Tiburon Financial, L.L.C. - Plaintiff v. Shaunna Briles – Defendant(s), In the County Court of Douglas County, Nebraska." See **Exhibit A.**

60. Defendants' representations of "Plaintiff," Defendant," "Plaintiff's Complaint," and "jurisdiction of this court" are false and deceptive, and are only used by Defendants as a way to scare consumers like Plaintiff into paying debts without proof or before they are validated.

61. Defendants' representations in its Stipulation Letters also falsely represent or imply that the Stipulation has been approved or authorized by the Court, since it contains multiple references to "jurisdiction of this court" and contains a case caption naming the County Court of Douglas County, Nebraska.

62. Defendants' Stipulation Letters and uniform conduct violate the FDCPA, sections 1629e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(10) and 1692e(13).

63. Violations of the FDCPA are analyzed "through the eyes of an unsophisticated consumer." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002).

64. As a direct and proximate result of Defendants' FDCPA violations, Plaintiff and Class members are entitled to statutory damages, actual damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

65. Plaintiff seeks to recover her individual actual damages caused by Defendants' violations of the FDCPA. Specifically, Plaintiff suffered actual damages when Defendants unlawfully obtained a judgment and garnished her wages, in circumvention of her legal and due process rights, based on representations by Defendants regarding the Stipulation Letter at issue.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class representative, and appointing the undersigned as Class Counsel;

b. Adjudging that Defendants violated the FDCPA, 15 U.S.C. § 1692e, e(2)(A), e(5), e(9), e(10) and e(13), and awarding Plaintiff and the Class members statutory and actual damages pursuant to 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(2); and

d. Awarding such other and further relief as the Court may deem just and proper.

**COUNT II: VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq.***

66. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained above as if fully set forth herein.

67. This is an action seeking class-wide relief for violations of the NCPA.

68. Defendants TIBURON are "Persons" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et. seq.*

69. Defendant CADA LAW is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et. seq.*

70. Sending letters in the form of **Exhibit A** constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602.

71. These violations caused financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class representative, and appointing the undersigned as Class Counsel;

b. Statutory damages for the Plaintiff and each member of the CADA Class, pursuant to Neb. Rev. Stat. § 59-109;

c. Injunctive Relief;

d. Actual damages, if any, for the Class

e. Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

f. Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

72. Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against Defendants, and is obligated to pay her attorneys a reasonable fee for services.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 1, 2015                    Respectfully submitted,

                                       SHAUNNA BRILES, on behalf of herself and all
                                       others similarly situated, Plaintiffs

                                   By: **s/ Burke Smith**
                                       Burke Smith, #19883
                                       Burke Smith Law
                                       10730 Pacific St., Ste. 100
                                       Omaha, NE  68114
                                       (402) 718-8865
                                       (402) 218-4391 (Fax)
                                       burke@burkesmithlaw.com

and

Janet Varnell, #71072
(*Pro Hac Vice* Admission Pending)
Varnell & Warwick, P.A.
P.O. Box 1870
Lady Lake, FL 32158
(352) 753-8600
(352) 504-3301 (Fax)
jvarnell@varnellandwarwick.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA        )
                         ) ss
COUNTY OF DOUGLAS        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Shauna Briles having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/1/15
             Date                                   Shaunna Briles