IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAUNNA BRILES, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>TIBURON FINANCIAL, LLC, a Nebraska Limited Liability Company; SIGNATURE PERFORMANCE TIBURON, LLC, a Nebraska Limited Liability Company;  JACADA, P.C., LLO, AND a Nebraska Limited Liability Organization; and JAMES A. CADA, an individual;<br><br>Defendants. | 8:15CV241<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Joint Motion for Preliminary Approval of Class Action Settlement (Filing No. 71) filed by Plaintiff Shaunna Briles, on behalf of herself and all others similarly situated ("Plaintiff"), and Defendants, seeking an Order certifying a settlement class and preliminarily approving the terms of the proposed Class Action settlement between the parties.  The Court has reviewed the record, including the pleadings and other submissions of the Parties.  The Court concludes that the Parties' Joint Motion should be granted and the settlement should be preliminarily approved.

## DISCUSSION

To certify a class action for settlement purposes, a court must first determine that all the requirements for class certification set forth in Federal Rule of Civil Procedure 23(a) and at least one of the requirements of subdivision of Rule 23(b), are satisfied. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620-20 (1997) (explaining that a

settlement class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation, as well as predominance and superiority).

Once the Settlement Class is determined to meet the requirements for class certification pursuant to Rule 23, the Court's analysis turns to the terms of the proposed settlement. *See Manual for Complex Litigation*, Third, § 30.41, at 236-37 (1995). The approval of a class action settlement as fair, adequate, and reasonable is a two-step process. *Id.* First, the Court must determine whether the proposed settlement terms fall within the range of reasonableness such that preliminary approval is warranted. Second, after notice is given to the class, the Court must evaluate whether final approval is warranted. *Id.*

Courts may not approve class action settlements in reverse, by first determining that the settlement is fair, and thereby finding that certification is proper. *Amchem*, 521 U.S. at 622. Accordingly, in granting preliminary approval, courts typically first certify the class for settlement purposes, and then consider the fairness of the settlement at the final hearing. A court must conduct a "rigorous analysis" to determine whether the elements of class action requirements have been met when the parties seek certification of the class and approval of their settlements simultaneously. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982).

The Court has considered the Joint Motion for Preliminary Approval of Class Action Settlement ("Joint Motion") (Filing No. 71), Plaintiff's Motion for Class Certification (Filing No. 18), Plaintiff's Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class Action Settlement (Filing No. 72) and the Class Action Settlement Agreement between the Parties ("Settlement Agreement") (Filing No. 71-1),

as attached as Exhibit 1 to the Joint Motion. Based on the evidence in the record and the Parties' representations, the Court hereby sets forth the following, preliminary findings of fact and conclusions of law upon which this Order is based.

I.     **Findings of Fact**

This class action involves a standardized, debt collection communication known as a "Stipulation." Plaintiff alleged that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*, and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.,* based on their efforts to collect consumer debts by unlawfully simulating legal process, falsely representing the character or legal status of the debt, and circumventing the protections given to consumers. Plaintiff alleged that the Defendants intentionally deceived consumers by sending collection communications (the "Stipulations") designed to give consumers the impression that legal process was underway. Plaintiff alleged that consumers took actions to their detriment, waived legal rights without just cause, paid money to debt collectors that rightfully may have been due and owing on other debts with priority, and suffered other harms. Defendants deny Plaintiff's allegations; dispute that that they violated the FDCPA or the NCPA; and deny that they deceived consumers by sending the Stipulation.

By example, Plaintiff alleges the Stipulations included language such as: "In the County Court of Douglas County, Nebraska," "Tiburon Financial, L.L.C. – Plaintiff," "Case No.," and "The Defendant(s) herein submit themselves to the jurisdiction of this court," all of which simulate legal process and falsely represent the character or legal status of the alleged debts. Although the Defendants deny the Stipulations violated the

3

FDCPA or the NCPA, and dispute Plaintiff's characterization of the Stipulations, the Parties agree that the class settlement provides a fair resolution to avoid protracted litigation and significant cost.

After Plaintiff filed her Motion for Class Certification and supporting evidence, but before this Court could rule on the Motion, the Parties voluntarily undertook arms-length settlement negotiations and reached the proposed class action Settlement that is now before this Court.

## II.     Conclusions of Law Regarding Class Certification

Plaintiff filed her Motion for Class Certification on August 11, 2015 (Filing No. 18). For Settlement Purposes only, Defendants do not oppose certification. Accordingly, based upon the reasoning set forth below, the Court hereby certifies the following Settlement Class:

> All consumers located in the State of Nebraska, who received a Stipulation from Defendants in connection with an attempt to collect any consumer debt, where the Stipulation was substantially similar or materially identical to the Stipulation delivered to Plaintiff, i.e., a "Stipulation" sent by JACADA/CADA (or any of its employees) on behalf of TIBURON (attached as Exhibit A to the Amended Complaint), during the four year period prior to the filing of the Complaint in this matter, through the date of class certification.

### A.     **Numerosity**

The first prerequisite for class certification under Rule 1.220(a) is numerosity, which requires that members of the class be so numerous that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Class is so numerous that joinder of all members is impractical. *Id.*

"[A]s few as 40 class members should raise a presumption that joinder is impracticable." *Caroline C. v. Johnson*, 174 F.R.D. 452, 456 (D. Neb. 1996) (citing Newberg on Class Actions § 3.05). In this case, the size of the Proposed Class is 225. Thus, the numerosity requirement is satisfied on the record because joinder of approximately 225 recipients of the collection communication in question would be impracticable.

B.  **Commonality**

The Court finds that the commonality requirement is satisfied, for purposes of approving the Settlement Agreement and certifying the Settlement Class, in that all members of the Settlement Class received the same debt collection Stipulation from Defendants. There are questions of fact or law common to the class, which include:

   a. Whether Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) by sending a Stipulation to Plaintiff and each Class Member that falsely represented the character or legal status of the debt, and/or used false, deceptive or misleading representations as means to collect or attempt to collect a debt;

   b. Whether Defendants violated 15 U.S.C. §§ 1692e(5) as to each Class Member by threatening to take action that could not be taken legally or that was not intended to be taken;

   c. Whether Defendants violated 15 U.S.C. §§ 1692e(9) and e(13) by sending a Stipulation to Plaintiff and each Class Member that simulated or falsely represented that the Stipulation was authorized,

> approved or issued by a court, or that the Stipulations were legal process; and
>
> d. Whether Defendants violated Neb. Rev. Stat. § 59-1601 *et seq.* by sending a Stipulation to Plaintiff and Member of the NCPA Class that falsely represented the character or legal status of the debt, and/or used false, deceptive or misleading representations as means to collect or attempt to collect a debt or that simulated legal process or falsely represented that the Stipulations were authorized, approved or issued by a court, or were legal process.

To establish commonality, Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a question of law *or* fact common to the class. *Evans v. Am. Credit Sys.*, 222 F.R.D. 388, 393 (D. Neb. 2004). Accordingly, because there are numerous common questions of law *and* fact, the Court finds that the Plaintiff's and the Class's claims arise from a common course of conduct, and they share a common interest in determining whether the collection communication at issue violated the FDCPA and NCPA.

### C.  Typicality

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The Eighth Circuit, "long ago defined typicality as requiring a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Chaffin v. Rheem Mfg. Co.*, 904 F.2d 1269, 1275 (8th Cir. 1990) (internal quotations and citations omitted). The burden to establish typicality is fairly easily met

so long as other class members have claims similar to the named plaintiff. *Cortez v. Nebraska Beef, Inc.*, 266 F.R.D. 275, 290 (D. Neb. 2010) (citations omitted). "[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." *Beck v. Maximus, Inc.*, 457 F.3d 291, 296 (3d Cir. 2006) (citations omitted and alteration in original); *see also Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). Moreover, differences in the claimed damages or the availability of certain defenses do not defeat typicality, so long as the class claims are generally based on the same legal or remedial theory. *Cortez*, 266 F.R.D. at 290.

In this case, the Stipulation that Defendants sent to Plaintiff is substantially similar to the Stipulations sent to the rest of the Class. Each Stipulation includes similar language and Plaintiff's claims arise out of the same course of conduct, i.e., Defendants' practice of sending standardized Stipulations to consumers. The Plaintiff is typical of the class she seeks to represent as there is nothing peculiar about Plaintiff's situation that makes her different from other members of the class. Accordingly, the Court concludes that Plaintiff possesses the same legal interest and has endured the same alleged legal injury as the other members of the class. As a result, the typicality requirement of Rule 23(a) is also satisfied.

**D.    Adequacy**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The focus of Rule 23(a)(4) is whether (1) the class representatives have common interests with the members of the class, and (2) whether

7

the class representatives will vigorously prosecute the interests of the class through qualified counsel. *Cortez*, 266 F.R.D. at 291 (citations omitted).

Both prongs of the "adequacy" test are met here. First, Plaintiff has shown that she is willing and able to take an active role as class representative on behalf of the class. There has been no evidence submitted indicating that Plaintiff has any interests antagonistic to the class she seeks to represent. Therefore, this Court finds that adequacy requirement under Rule 23(a)(4) is met.

Second, the Court finds that Plaintiff's Counsel has substantial experience in consumer class actions and is adequate to act as Counsel in this class action lawsuit. Accordingly, all of the prerequisites of Rule 23(a) have been established with regard to the proposed Settlement Class. Now, this Court's analysis turns to whether the facts of this case also meet at least one of the requirements Rule 23(b).

### E. Rule 23(b) Requirements

The Court also finds that the requirements of Rule 23(b)(3) have been satisfied, for the purposes of preliminary approval of the Settlement Agreement and certification of the Settlement Class. Rule 23(b)(3) provides that an action may be maintained as a class action when:

> (3) the Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

The Supreme Court recently reiterated: "Rule 23(b)(3) ... does *not* require a plaintiff seeking class certification to prove that each 'elemen[t] of [her] claims [is]

8

susceptible to classwide proof,'" but that "common questions '*predominate* over any questions affecting only individual [class] members.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 n.6 (2011)) (emphasis added). Accordingly, plaintiffs must make a "showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Id.* at 1191 (emphasis in original).

It is not necessary to illustrate that all questions of fact or law are common. *See Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1178 (11th Cir. 2010). In order to predominate, common issues must constitute a significant part of the individual cases. *Cortez*, 266 F.R.D. at 292 (citations omitted). Where there is an essential factual link between all class members and the defendants, for which the law provides a remedy, questions of law or fact common to the class exist. *Id.*

A comparison of the Stipulations sent by Defendants during the class period shows that the Stipulations sent to all class members are *identical* with respect to the standard language underlying Plaintiff's claims. Accordingly, this Court finds that the predominating issue in this case is whether this language violates the FDCPA and NCPA. Therefore, the facts of this matter satisfy the predominance requirement of Rule 23(b)(3).

The superiority requirement of Rule 23 is also satisfied because a class action is superior to other available methods of resolving this matter. The only alternative would be to have 225 individual actions addressing the same issue. Such an undertaking would be a waste of resources, and likely few or no individual actions would be pursued.

Therefore, this Court finds that all the elements of Rule 23(a) and (b)(3) have been satisfied and certification of the Settlement Class is appropriate.

## III. CONCLUSIONS OF LAW REGARDING THE FAIRNESS OF THE SETTLEMENT TERMS

When determining whether to grant preliminary approval to a class action settlement, trial courts typically first certify the class for settlement purposes, and then consider the fairness of the settlement. *4 Newberg on Class Actions*, § 11.26. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness" such that notice should be issued to the class. *Id.*

The Eighth Circuit has established four factors for determining whether a proposed settlement is "fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F 3d 922, 932 (8th Cir. 2005); *see also Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988). In this case, all of the factors weigh in favor of granting preliminary approval.

Under the terms of the proposed Settlement, Settlement Class Members will receive a pro-rata share of the $17,500.00 Settlement Fund. Importantly, the FDCPA limits statutory damages in class actions such as this case to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). Here, Defendants' net worth will render the recovery per class member smaller, but not so small as to destroy the superiority element. *See Hicks v. Client Services, Inc.*, 257

F.R.D. 699, 700 (S.D. Fla. 2009) (De minimus recovery of $1.24 did not destroy superiority).

Given that the net worth of Defendants is relatively low, the recovery to the Class appears to be reasonable. The class representative incentive award to Ms. Briles appears to be reasonable in light of the time and effort expended by Ms. Briles in representing the Settlement Class, and because attorney's fees will be awarded separately by the Court and do not diminish the relief to the Settlement Class, such fees are reasonable for this type of case. Therefore, the Court finds that the Settlement Agreement, when viewed in light of the factors set forth in *In re Wireless Tel.*, falls within the range of reasonableness such that Preliminary Approval of the Settlement terms is warranted, and Notice should be issued to the class.

Accordingly,

IT IS ORDERED:

1. The Joint Motion for Preliminary Approval of Class Action Settlement (Filing No. 71), is granted.

2. This action is certified, as set forth above pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

3. The Court hereby appoints Shaunna Briles, as class representative of the Settlement Class, and appoints Burke Smith, Esq., of the Burke Smith Law firm and Janet R. Varnell, Esq., of the law firm Varnell & Warwick, P.A. as Counsel for the Settlement Class.

4. A Final Settlement Fairness Hearing shall be held on December 5, 2016, at 3:00 p.m., before the undersigned, in Courtroom No. 2 of the Roman L. Hruska

United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska, for the following purposes:

    a.    to determine whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and whether the Settlement should be finally approved by the Court;

    b.    to determine whether Final Judgment as provided under the Settlement Agreement should be entered dismissing the Complaint filed in the Action with prejudice; and to determine whether releases should be provided to the Releasees as defined and set forth in the Settlement Agreement;

    c.    to consider what amounts to award Class Counsel's fees and expenses as set forth in the Settlement Agreement; and

    d.    to rule upon such other matters as the Court may deem appropriate.

5.    The Court approves the form, substance, and requirements of the Notice of Settlement (the "Notice") attached to the Plaintiff's Brief in Support of Joint Motion for Preliminary Approval of Class Action Settlement (Filing No. 72-1). Defendants or their designated agent(s) shall cause the Notice, substantially in the form attached to the Settlement to be emailed to the Settlement Class Members according to the terms of the Settlement Agreement.

6.    The form of the Notice, and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice

practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. The Notice shall be distributed in accordance with the requirements set forth in the Class Action Settlement Agreement.

7. Class Counsel is authorized to represent and act on behalf of the Settlement Class with respect to all acts required by the Settlement Agreement or such other acts, which are reasonably necessary to consummate the spirit of the proposed Settlement Agreement.

8. All litigation, including discovery, other than further proceedings with respect to the Settlement, is stayed until further order of this Court.

9. Any Settlement Class Member may opt out by utilizing the procedures outlined in the Notice.

10. Any Settlement Class Member may appear and show cause why the proposed Settlement of the Action embodied in the Settlement Agreement should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why the incentive award to the named Plaintiff should not be made, or why attorney fees inclusive of the expenses should not be awarded as provided in the Settlement Agreement; provided, however, that no Settlement Class Member or any other Person, shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered thereon, unless on or before fourteen (14) days prior to the Fairness Hearing, that person has caused to be filed written objections in the manner and form outlined in the Settlement Agreement, stating all supporting bases and reasons with:

**U.S. District Clerk of Court**
Roman L. Hruska Federal Courthouse
111 South 18th Plaza, Suite 1152
Omaha, NE 68102

<u>and</u> has served copies of all such papers at the same time upon the following by first-class mail, in accordance with the requirements of the Settlement Agreement:

**Class Counsel**
Burke Smith
Burke Smith Law
10730 Pacific St., Suite 100
Omaha, NE 68114

**Counsel for Defendants Tiburon Financial, LLC and
Signature Performance Tiburon, LLC**
Bradley S. Levison
Kaufman Dolowich & Voluck, LLP
55 E. Monroe Street
Suite 2950
Chicago, IL 60602

**Counsel for Defendants Jacada, P.C., LLO and James A. Cada**
Joshua C. Dickinson
Spencer Fane LLP
13520 California Street, Suite 290
Omaha, NE 68154

Attendance at the Settlement Fairness Hearing is not necessary in order for the objection to be considered by the Court; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. All written objections shall conform to the requirements of the Settlement Agreement and shall indicate the basis upon which the person submitting the objections claims to be a member of the Settlement Class and shall clearly identify any and all witnesses, documents and other evidence of any kind that are to be presented at the Settlement Fairness Hearing in connection with such

objections and shall further set forth the substance of any testimony to be given by such witnesses.

Any Settlement Class Member who does not make his, her, or its objection in the manner provided in the preceding paragraph of this Order shall be deemed to have waived such objection and shall be foreclosed from making any objections to the fairness, adequacy, or reasonableness of the Settlement.

Dated this 1st day of August, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge