IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAUNNA BRILES, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>TIBURON FINANCIAL, LLC, a Nebraska Limited Liability Company; SIGNATURE PERFORMANCE TIBURON, LLC, a Nebraska Limited Liability Company; JACADA, P.C., LLO, AND a Nebraska Limited Liability Organization; and JAMES A. CADA, an individual;<br><br>Defendants. | 8:15CV241<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL |

This matter is before the Court on the Joint Motion, ECF No. 78, filed by Plaintiff, Shaunna Briles, on behalf of herself and all others similarly situated ("Briles" or "Plaintiff") and Tiburon Financial, LLC, Signature Performance Tiburon, LLC, Jacada, PC, LLO and James A. Cada (collectively "Defendants"), seeking an order finally approving the class action Settlement Agreement between the parties. The Court has reviewed the filings of the parties in support of final approval, considered the discussion of counsel, and is otherwise advised in the premises. The Court will discuss the process involved and make the following findings of the facts and conclusions of law regarding Final Approval of this proposed class action Settlement Agreement:

I. **FINDINGS OF FACT**

This class action involves a standardized, debt collection communication titled as a "Stipulation." Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*, and the Nebraska Consumer

Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.* based on their efforts to collect consumer debts by unlawfully simulating legal process, falsely represent the character or legal status of the debt, and circumventing the protections given to consumers under state and federal law.  Plaintiff alleged that the Defendants intentionally deceived consumers by sending collection communications (i.e., "Stipulation(s)") that were designed to give consumers the impression that legal process was already underway and that consumers took actions to their own detriment, waived legal rights without just cause, paid money to the debt collectors that rightfully might have been due and owing on other debts that had priority, and suffered other harms.

Plaintiff asserts that the Stipulations at issue violate both the FDCPA and NCPA because they include language that are designed to give consumers the impression that legal process was already underway, thereby forcing consumers to take actions to their own detriment. For example, the Stipulations include language such as: "In the County Court of Douglas County, Nebraska," "Tiburon Financial, L.L.C. – Plaintiff," "Case No.," and "The Defendant(s) herein submit themselves to the jurisdiction of this court," all of which simulate legal process and falsely represent the character or legal status of the alleged debts.

Defendants on the other hand, deny Plaintiffs' allegations and contend that the Stipulation does not violate either the FDCPA or the NCPA and was appropriate and lawful.

Notice was issued to all members of the Settlement Class pursuant to this Court's Preliminary Approval Order, ECF No. 73, as stated in the Affidavit of the Settlement Administrator filed with Plaintiff's Memorandum of Law.  See ECF No. 80,

Page ID 411-13. As of the deadline for filing objections and opt outs as set forth in the Settlement Agreement, no class members have opted out of the Settlement and no class members have objected to the terms of the Settlement.  No class members appeared at the fairness hearing before the Court on December 5, 2016, and no objections have been made to the settlement or to class certification.

## II. CONCLUSIONS OF LAW REGARDING THE FAIRNESS OF THE SETTLEMENT TERMS

Federal Rule of Civil Procedure 23(e) requires judicial approval for the compromise of claims brought on a class basis. Approval of a class action settlement under Rule 23(e) involves a two-step process: first, a "preliminary approval" order; and second, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness, reasonableness and adequacy of the proposed settlement, a "final approval" order or judgment. See Manual for Complex Litigation § 13.14 (4th ed. 2004).  Because preliminary approval has already been granted, this Court should now turn its attention to final approval.

The Eighth Circuit has established four factors for determining whether a proposed class action settlement is "fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F 3d 922, 932 (8th Cir. 2005); *see also Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988). Here, all of these factors weigh in favor of granting final approval.

In determining the adequacy of the proposed Settlement, the Court need not and does not decide the merits of the case.  This Court has considered the submissions of the parties, which demonstrate a degree of uncertainty as to whether the Representative Plaintiff would recover on her claims.  The Settlement provides a significant benefit to all Class Members.  Given the statutory limitation on damages and Defendants' assertions regarding low or negative net worth, this Court finds that there are factual and legal obstacles standing in the way of a substantially higher recovery if this case were litigated to a conclusion.  Furthermore, the perils of maintaining an action through a final judgment or appeal would be complex, lengthy, and expensive.  The Settlement eliminates a substantial risk that the Class Members would walk away empty handed after trial.  Further, the Defendants have denied liability and have indicated that they would continue to do so, absent settlement.  Because of resulting motion practice, discovery, trial, and appeals, it could be a lengthy period before the Class Members would see any recovery even if they were to prevail on the merits, which would not necessarily produce a better recovery than they may have achieved in the Settlement.

The parties negotiated the Settlement after a thorough review and analysis of the legal issues involved.  The facts and representations of counsel demonstrate that the Representative Plaintiff was sufficiently informed to negotiate, execute, and recommend approval of the Settlement on behalf of the class.  *See, e.g., Davies v. Continental Bk.*, 122 F.R.D. 475, 479-80 (E.D. Pa.1996).

This Court may also consider the opinions of the participants, including Class Counsel.  *Parker v. Anderson*, 667 F. 2d 1204, 1209 (5th Cir. 1984), *cert. denied*, 459 U.S. 828 (1985). Class Counsel has adequate experience in the prosecution of large

4

and complex consumer class actions. Counsel for the Defendants is likewise adequately experienced. This Court gives credence to the opinion of counsel, amply supported by the Court's independent review, that the Settlement is a beneficial resolution of the class action claims.

In addition to finding that the terms of the proposed Settlement are fair, reasonable, and adequate, the Court must also determine there is no fraud or collusion between the parties or their counsel negotiating the settlement terms. *See e.g., Miller v. Republic National Life Ins. Co.*, 559 F.2d 426, 428-29 (5th Cir. 1977). In this case, there is no suggestion of fraud or collusion between the parties.

Accordingly, the terms of the Settlement Agreement, including all exhibits thereto, are fully and finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Representative Plaintiff and the Class Members.

At the time of the Final Fairness Hearing, 87% of Settlement Class Members received notice and are therefore expected to share in the pro rata distribution of the $17,500 Settlement Fund. Pro-rated for each Class Member, each is due to receive approximately seventy eight dollars ($78). This relief to the class is fair and reasonable under the statutory damages caps imposed under the FDCPA and the NCPA.

The parties agreed that the Representative Plaintiff, in addition to his recovery as a Member of the Class, will receive an incentive award of Three Thousand Dollars ($3,000.00) ("Incentive Award") for her efforts in obtaining the above described benefits to the Class. The Court finds that such an award is reasonable and appropriate in light of the results obtained at this litigation.

In addition, the parties negotiated and, through the Settlement Agreement, agreed that Class Counsel is due to receive an award of attorney fees as the "prevailing party" under the statutes at issue. However, the Defendants, through counsel, indicated that they plan to object to the amount of attorney fees requested. Accordingly, the Court shall address attorney fees and costs to Class Counsel by separate order.

IT IS ORDERED:

1. The Parties' Joint Motion for Final Approval of Class Action Settlement, ECF No. 78, is granted.

2. The Settlement Agreement is hereby approved, ratified, and adopted as an Order of this Court. The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

3. Without limiting any term of the Settlement Agreement, including the release of claims in full in the Settlement Agreement, it is hereby ordered and adjudged that the terms of the Settlement Agreement and of this Final Order and Judgment shall forever be binding upon, and shall have *res judicata* and preclusive effect, in any and all pending and future lawsuits maintained by the Representative Plaintiff and any and all other Class Members, as well as their heirs, executors, administrators, successors and assigns.

4. The Settlement Administrator shall disburse the Settlement Proceeds to the Class Members in accordance with the provisions of the Settlement Agreement.

5. In accordance with the Settlement Agreement, the Settlement Administrator shall remit the Incentive Award to the named Plaintiff as provided for in the Settlement Agreement.

6. Without affecting or delaying the finality of this Final Judgment and Order of dismissal, the Court retains jurisdiction over all matters related to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

7. This action is dismissed with prejudice and final judgment is entered.

Dated this 6th day of December, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge